# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| LENZEE RADER, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No.** |
| | ) |
| TACALA TENNESSEE CORP., | ) |
| TACALA, LLC, AND MARKO BOTROS, | ) |
| | ) |
|       **Defendants.** | ( |

## NOTICE OF REMOVAL

**COME NOW** Defendants, Tacala Tennessee Corp., Tacala, LLC, and Marko Botros (collectively "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § 1441, as amended, hereby give notice of removal of Case No. 19-0029 from the Chancery Court of Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee, Southern Division. In addition to removing this matter, Defendants specifically reserve the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for removal, Defendants state as follows:

### I. PROCEDURAL BACKGROUND

On January 14, 2019, plaintiff, Lenzee Radar (hereinafter "Radar" or "plaintiff"), commenced a civil action against Tacala Tennessee Corp., Tacala, LLC,

and Marko Botros in the Chancery Court of Hamilton County, Tennessee, currently pending as Civil Action Number 19-0029. Plaintiff's original complaint alleged sex discrimination, retaliation, and hostile work environment claims under the Tennessee Human Rights Act and Tennessee common law tort claims for intentional and/or negligent infliction of emotional distress. *See* Exhibit A. On January 14, 2019, Plaintiff also filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") alleging sex discrimination, retaliation, and hostile work environment claims under Title VII of the Civil Rights Act of 1964. *See* Exhibit B. On November 14, 2019, the EEOC issued its Dismissal and Notice of Rights. *See* Exhibit C. Subsequently, on January 31, 2020, Plaintiff filed a Motion to Amend Complaint seeking leave to amend her complaint to assert the Title VII claims contained in her Charge of Discrimination. *See* Exhibit D. The Chancery Court of Hamilton County granted Plaintiff's Motion to Amend Complaint on February 13, 2020. *See* Exhibit E. Plaintiff filed her Second Amended Complaint adding Title VII sex discrimination, retaliation, and hostile work environment claims on February 20, 2020. *See* Exhibit F.

## II. FEDERAL QUESTION JURISDICTION

1. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because it is apparent on the face of Plaintiff's Second Amended Complaint and her underlying EEOC charge that this action presents substantial questions of federal law of alleged employment discrimination and retaliation under Title VII, which is a civil action "arising under the Constitution, laws, or treaties of the United States." (*See* Exhibits B and F.) This Court also has supplemental jurisdiction over any related claims arising under Tennessee statutory or common law, which arise out of the same operative facts as Plaintiff's federal claims and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This action, therefore, is properly removable. *See* 28 U.S.C. § 1441(a), (c).

### III. <u>REMAINING REQUIREMENTS</u>

3. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

4. Plaintiff filed her Second Amended Complaint on February 20, 2020, and Defendants Tacala Tennessee Corp., Tacala, LLC and Marko Botros were through their counsel of record on February 20, 2020.

5. This Notice of Removal is timely filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…." 28 U.S.C. § 1446(b).

6. True and correct copies of all pleadings filed to date are attached hereto as Exhibit G and incorporated herein by reference. *See* 28 U.S.C. § 1446(a).

7. This Notice of Removal is filed within the district and division in which the State court action is pending. *See* 28 U.S.C. § 123(a)(3). The United States District Court for the Eastern District of Tennessee, Southern Division, is the court and division covering the place where this action is pending in state court.

8. Federal jurisdiction exists under 28 U.S.C. § 1331, as Plaintiff's Complaint raises issues which require this Court to apply the laws and regulations promulgated according to Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq*.

9. All properly served defendants have joined in and consented to the removal of this matter. 28 U.S.C. § 1446 (b)(2)(A).

10. Contemporaneous with the filing of this Notice of Removal, Defendants have filed a copy of the same with the clerk of the Chancery Court of Hamilton County, Tennessee. *See* 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon Plaintiff through her counsel of record.

11. Defendants reserve the right to amend or supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal. Furthermore, in the event any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of removal.

## IV. ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Tennessee or Federal Rule Civil Procedure 12, any state or federal statute, or otherwise.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court of Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Southern Division.

*s/ Amy Jordan Wilkes*
K. Bryance Metheny (TN Bar # 025150)
Amy Jordan Wilkes (TN Bar # 028654)

ATTORNEYS FOR DEFENDANTS
TACALA TENNESSEE CORPORATION AND
TACALA, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
E-mail: bmetheny@burr.com
E-mail: awilkes@burr.com

*s/ Hillary L. Klein*
Hillary L. Klein (BPR# 24988)
Adam S. Buddenbohn (BPR #35953)

ATTORNEYS FOR DEFENDANT
MARKO BOTROS

**OF COUNSEL:**
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
E-mail: hillary.klein@huschblackwell.com
E-mail: adam.buddenbohn@huschblackwell.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 27th day of February, 2020:

Donna J. Mikel
Mikel & Hamill PLLC
620 Lindsay Street, Suite 200
Chattanooga, Tennessee 37403
E-mail:  dmikel@mhemploymentlaw.com

                                            *s/ Amy Jordan Wilkes*
                                            OF COUNSEL