# EXHIBIT A

| | | |
|---|---|---|
| **LENZEE RADER,** | : | **JURY DEMAND** |
| Plaintiff | : | NO. 19-0029 |
| vs. | : | |
| **TACALA TENNESSEE CORP., TACALA, LLC., and MARKO BOTROS.** | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff sues Defendants for $2,000,000[1] and shows the Court as follows:

I. **NATURE OF PROCEEDING AND JURISDICTIONAL BASIS**

1. This is a proceeding alleging sex discrimination/harassment and retaliation. The jurisdiction of this Court is invoked pursuant to federal and state statutes prohibiting discrimination and retaliation and providing for back-pay and benefits due Plaintiff; for injunctive relief requiring Defendants' re-employment of Plaintiff; for compensatory damages; for damages for humiliation and embarrassment; prejudgment interest and attorney fees; and for such additional damages as may be necessary to effectuate the purposes of the Tennessee Human Rights Act and common law and all related federal claims that may later become ripe.

---

[1] It is difficult to mathematically describe the damages in this case at this early juncture. Nonetheless, such a specific mathematical demand is currently required by Tennessee law, and that is why Plaintiff is including this specific type of demand and this amount.

2019 JAN 14 PM 2: 26

1

FILED
HAMILTON CO CLERK & MASTER

2. This Court has jurisdiction over the claims asserted herein as they arise under the Tennessee Human Rights Act and common law. All parties herein either reside in Hamilton County, Tennessee or transact substantial business in this County.

3. Venue is proper in this Court.

## II. THE PARTIES

4. Plaintiff is a female resident of Chattanooga, Hamilton County, Tennessee.

5. Defendant Tacala Tennessee Corp. is a Delaware corporation licensed to do and operate business in Hamilton County, Tennessee. Upon information and belief, Defendant Tacala Tennessee Corp. was Plaintiff's employer.

6. Defendant Tacala, LLC is a limited liability corporation licensed to do and operating business in Hamilton County, Tennessee. Upon information and belief, Defendant Tacala, LLC. (jointly referred to with Tacala Tennessee Corp. as "Employer or Defendants") was Plaintiff's employer.

7. Defendant Marko Botros ("Botros"), a resident of Hamilton County, Tennessee, was the general manager of the Taco Bell location owned and operated by Defendants where Plaintiff worked.

## III. FACTUAL BASES OF PLAINTIFF'S CLAIMS

8. From March of 2017 until August of 2018, Plaintiff was employed by Defendants, first at its Taco Bell location on Highway 153 and then at its Taco Bell location at 4115 Hixson Pike. Plaintiff had also previously worked for Defendants as a minor when she lived in Kentucky.

9. When Plaintiff began working for Defendants in Tennessee, she was 18 years old.

10. When Plaintiff began working for Defendants, Botros was a supervisor at the Highway 153 location.

11. Botros, who was almost 30 at the time, took an interest in Plaintiff.

12. In October of 2017, Botros became the General Manager of the Hixson location.

13. Around the time Botros became the General Manager of the Hixson location, Botros recruited Plaintiff to transfer to his new location, promoted Plaintiff to the position of shift lead, and gave her a raise in pay.

14. Shortly thereafter, Botros invited Plaintiff to socialize outside of work, even though he was her manager and even though Botros has a live-in girlfriend.

15. In December of 2017, Botros made sexual advances to Plaintiff and Plaintiff reciprocated.

16. Botros and Plaintiff engaged in sexual activities at and outside of work.

17. Indeed, it was common within Defendants' business for male managers to become involved with female subordinates. For example, the gentleman to whom Botros reported, who was the only upper manager in the area, was having an affair with one of his subordinates.

18. So long as Plaintiff continued to have sexual relations with Botros, she was praised for her work and successful as an employee.

19. In January of 2018, Plaintiff learned that she had become pregnant by Botros.

20. When Plaintiff told Botros that she was pregnant, Botros immediately came to her home Botros was very angry and out of control. Botros told Plaintiff that her grandmother would kick her out of the home if she found out that Plaintiff was pregnant and that Plaintiff would have nowhere to live. Plaintiff was living with her grandmother at the time while she was enrolled in college and working full time. Botros then told Plaintiff that he would kill her if she

3

did not have an abortion because he could not afford for his girlfriend/wife to find out about it. Botros said he would lose his home if that occurred.

21. Plaintiff was opposed to the idea of getting an abortion. However, she was terrified about her situation and Botros' reaction to the news.

22. When Plaintiff worked the following week, Botros constantly questioned her about whether she had scheduled an appointment or called the abortion clinic. Plaintiff was unaware of any information about abortion clinics. Botros was familiar with a clinic in Knoxville and with one in Atlanta; he said that he had taken a girl to one of those locations in the past to get an abortion.

23. Due to Plaintiff's hesitancy, and while at work, Botros phoned the abortion clinic in Atlanta and compelled Plaintiff to set up the appointment in front of him. He said he wanted her to go to the one in Atlanta so he would only have to drive her there once.

24. Botros then drove Plaintiff to the abortion clinic on January 19, 2018, compelled Plaintiff to go through with the process, and then paid for it with his credit card.

25. Following the experience, Plaintiff became very ill. As a result, Plaintiff had to miss work for approximately one week, although Botros told her he would make it appear as though she was working. Botros offered Plaintiff muscle relaxers to "ease the pain" and eventually took her to the emergency room.

26. Following Plaintiff's compelled abortion, Botros began treating Plaintiff in a very hostile manner at work. He called her a "whore" and "fat" in front of the shift employees she was supposed to supervise.

27. Botros told Plaintiff that he began using methamphetamine in the Spring of 2018.

4

28. As a result of all of this, Plaintiff frequently cried at work and suffered tremendously.

29. Plaintiff ended her sexual relationship with Botros in July of 2018.

30. Botros became livid and the hostility at work became unbearable.

31. Botros threatened to fire and/or demote Plaintiff on a regular basis following the end of their sexual relationship.

32. In August of 2018, after Botros' telling Plaintiff that he was going to fire her repeatedly and treating her in a shameful and degrading manner in front of her staff, Plaintiff said that she could not take any more. Botros told Plaintiff to draw unemployment and to tell the unemployment office that she was fired. Plaintiff never received any paperwork relating to her separation.

33. Botros' treatment of Plaintiff was severe and pervasive and formed the basis for a hostile work environment.

34. Plaintiff was terminated shortly after she refused to continue to engage in sexual activities with Botros.

35. As a result of Botros' actions, Plaintiff has suffered considerable damage. Due to the abortion she was compelled into getting, the hostile atmosphere she faced after her compelled abortion, the retaliation she suffered after resisting/lamenting the abortion, and as a result of her ending the sexual relationship she had with Botros, Plaintiff has endured tremendous mental distress.

36. By forcing Plaintiff to get an abortion, Botros engaged in criminal conduct under Tennessee law. Tenn. Code Ann. 39-15-201(b)(3) makes it unlawful for anyone to compel, coerce, or exercise duress towards a female in order to get them to procure an abortion.

37. Under the doctrine of respondeat superior, Defendants are liable for the actions of its agents, including Botros.

38. All of the actions herein constituted a continuing violation.

39. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on January 14, 2019.

## IV. PLAINTIFF'S CLAIMS

40. Plaintiff was discriminated against and harassed by the Defendants on the basis of her gender in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, et seq.

41. Plaintiff was subsequently retaliated against by Defendants for complaining about the gender discrimination and harassment and for refusing to engage in continued sexual relations with Botros in further violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, et seq.

42. Additionally, Plaintiff faced a hostile work environment on the basis of her gender and protected activity in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, et seq.

43. Botros' conduct rose to the level of committing the tort of intentional and/or negligent infliction of emotional distress towards Plaintiff when he: (a) used his managerial status to get Plaintiff to agree to engage in a sexual relationship, (b) treated her with extreme hostility and threatened her life when he learned she was pregnant, (c) compelled her to get an abortion, (d) treated her with extreme hostility and subjected her to public humiliation because of her gender and particularly after she ended their sexual relations, (e) and ultimately caused her damages that will likely last her entire life,

## V. DAMAGES

44. As a result of the wrongful action of Defendants in discriminating against, harassing, and terminating Plaintiff, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff lost and will continue to lose salary, opportunities for advancement, and various employee benefits, which she would have earned had she been allowed to continue in her employment with Defendants. In addition to the financial loss Plaintiff has sustained, she has suffered great mental anguish as a result of the embarrassment and humiliation that she experienced because of Defendants' actions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b. That upon the hearing of this cause, Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits, which she has lost from the date of Defendants' discriminatory action;

c. If feasible, that the Court issue an injunction requiring Defendants to re-employ Plaintiff at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge, and without harassment or illegal conditions imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

d. That Plaintiff be awarded additional compensatory damages, including damages for humiliation and embarrassment, and emotional distress, as are allowed pursuant to the provisions of all relevant laws;

e. That Plaintiff be awarded attorney fees and such other and further relief as the Court deems proper;

f. That Plaintiff be awarded all compensatory and punitive damages as the Court deems proper; and

g. Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

By: _____
Donna J. Mikel, #020777
Kathleen Siciliano, #036935
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324

8

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESEE

| | |
|---|---|
| LENZEE RADER, | : JURY DEMAND |
| Plaintiff | : NO. 19-0029 |
| vs. | : |
| TACALA TENNESSEE CORP., TACALA, LLC., and MARKO BOTROS, | : |
| Defendants | : |

## COST BOND

The undersigned acknowledges and hereby binds the undersigned for the payment of all costs in this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same if so ordered by this court.

Witness my hand this 14th day of January, 2019.

BURNETTE, DOBSON & PINCHAK

BY: _____, Surety
711 Cherry Street
Chattanooga, TN 37402
(423) 266-2121 phone
(423) 266-3324 fax

2019 JAN 14 PM 2: 26

FILED
HAMILTON CO CLERK & MASTER

Case 1:20-cv-00056-JRG-CHS   Document 1-1   Filed 02/27/20   Page 10 of 10   PageID #: 17